**ELLIOTT, Plaintiff-Appellant, v NEW YORK CENTRAL RAILWAY COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1929.   Decided April 10th, 1947.

Marshall, Harlan and Smith, Dayton, for plaintiff-appellant.
Routzohn and Nevin, Dayton, for defendant-appellee.

## OPINION

By THE COURT

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's petition pursuant to a verdict returned by the jury upon direction of the trial judge at the conclusion of plaintiff's case in chief. The verdict was directed upon the conclusion that, under the doctrine of **Hamden-Lodge, etc. v Ohio Fuel Gas Company, 127 Oh St 469**, plaintiff was chargeable with contributory negligence as a matter of law.

The action was for personal injuries suffered by plaintiff when he was struck by the footboard on a locomotive backing out of Wright Field on a spur-track of defendant company which extended into and through said field.

The trial judge relied upon **Porter v New York Central Railway Company, 31 Abs 463**, Motion to certify overruled, (O. Bar, May 15, 1940). This case was a decision by this court and, if controlling, was properly followed by the trial judge. We likewise are disposed to follow it unless, and until, it appears that there is some distinguishing fact in the instant case which requires us to make differentiation.

Without restating the facts appearing in the record and the respective contentions of counsel, we are satisfied to say the cited case is determinative of the error assigned and that the trial judge committed no error to the prejudice of plaintiff in directing the verdict against him. There are, of course, differences in factual development between the cited case and the instant case but upon the material and controlling issues there are no such differences as would require a reversal of the judgment here.

The plaintiff was chargeable with the exercise of ordinary care to assure his safety. It fairly appears that the execution of the work that he was doing under general instruction of his foreman was not of such a nature as prevented him using his faculty of sight, seasonably, to determine the approach of the slow-moving, on-coming locomotive which he knew was in the Field and which was in his uninterrupted line of vision for a distance of at least 150 feet.

There is no charge in the amended petition of last clear chance and no proof to support such charge, if made. **Ross v Hocking Valley Ry. Co., 40 Oh Ap. 477, Cleveland Ry. Co. v Masterson, 126 Oh St 42.**

There is a suggestion that plaintiff may have been lulled into a sense of security by the failure of the employees of de-

fendant to sound a warning of the approach of the locomotive. This identical question was presented, in its most favorable aspect to a plaintiff, in **The Columbus, Delaware and Marion Electric Company v O'Day, Admx., 123 Oh St 638,** and our Supreme Court held that it would not avail to support a judgment on behalf of the plaintiff.

We do not discuss the cases from other jurisdictions cited in appellant's brief for the reason that the case upon which the trial court relied is determinative of the question presented on this appeal.

Judgment affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## APPLICATION FOR REHEARING.

Decided May 19th, 1947.

### OPINION

By THE COURT

Submitted on application for rehearing, which is predicated upon two grounds:

(1) The Court's decision is based on an erroneous conclusion as to a fact.

(2) For the reason that there is a distinguishing fact in the instant case which requires the Court to make differentiation with its previous decision in the case of **Porter v The New York Central Railway Company, 31 Abs 463.**

The erroneous conclusion to which reference is made in the first ground of the application is the statement of this Court in its opinion that,

"The action was for personal injuries suffered by plaintiff when he was struck by the footboard on a locomotive backing out of Wright Field on a spur-track of defendant company, which extended into and through said Field."

The fact is that the track upon which the locomotive was moving was not the property of the defendant company but was owned by and located on the property of the United States Government of which the plaintiff was an employee.

We have given further consideration to the questions presented by the inadvertent error of the Court in its statement of fact and to the cases cited. Upon the developments in this cause we are satisfied that our conclusion in the original opin-

ion is correct in the light of the Porter case, by which we are bound. We have examined Reidel v Railroad, 144 Ill. App. 424 and find that upon the question of the contributory negligence of the plaintiff, the Justice writing the opinion relied in large part upon the fact that at the time of plaintiff's injuries,

"It was later in the day than the usual time for making the switch, and that it was then dusk in between the buildings, that it was a foggy afternoon, no wind was blowing, and that when there is no wind, there is much cement dust in the air about the plant, and that this increases the darkness."

Manifestly these facts were largely determinative of the question, even in the light of the second syllabus which is quoted in appellant's brief.

A somewhat analogous situation prevailed in **Ware v Cin. Northern Rd. Co., 40 Oh Ap 39**, as appears at page 42 of the opinion.

The facts in **Pitts v Pennsylvania Rd. Co., 136 Oh St 139**, are too meager to support a reversal in this cause.

Gregory v Maine Central Railroad Company, 317 Mass. 363, 59 N. E. (2d) 471, upon the facts, tends to support the claim of appellant. We do not undertake to differentiate the law of this case but follow the law of Ohio as we understand it and as we have discussed it heretofore.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.